UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

WENGLOR SENSORS, LTD.

                              Plaintiff,       Case No. 3:11-CV-159


                      vs.                     Judge Thomas M. Rose


DIETER BAUR AND BARBARA
BAUR

                              Defendants.

---

**ENTRY AND ORDER GRANTING DIETER BAUR'S AND BARBARA BAUR'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION (Doc. #11).**

---

This matter arises from a dispute between Plaintiff, Wenglor Sensors, Ltd. (hereinafter "Wenglor"), and the opening and operation of a competing business by Defendants, Mr. Dieter and Mrs. Barbara Baur (hereinafter collectively "Defendants"). Wenglor alleges nine claims for relief including Negligence, Breach of Fiduciary Duty, Intentional Interference with Business Relationships, Declaratory Judgment, Conversion, Conversion of Business Opportunities, Conspiracy, Unjust Enrichment, and Unfair Competition pursuant to the Lanham (Trademark) Act. (Compl. at ¶ 57 – 105.)

Wenglor asserts that this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. (Compl. at ¶ 23.) Neither the Defendant nor the Court disagrees with Wenglor regarding federal question jurisdiction due to the ninth and final claim for relief.

Now before the Court, however, is a Motion to Dismiss made by Defendants. Defendants seek to have the Complaint against them dismissed pursuant to Fed. R. Civ. P. 12(b)(2) due to a lack of personal jurisdiction. Defendants' Motion is now fully briefed and ripe for decision. The relevant factual allegations will first be set forth followed by an analysis of the Motion.

## I. RELEVANT FACTUAL ALLEGATIONS

When there is no evidentiary hearing, as is the case here, the pleadings and affidavits are viewed in a light most favorable to the plaintiff. *Burnshire Development, LLC v. Cliffs Reduced Iron Corp.*, 198 Fed. App'x 425, 429 (6th Cir. 2006). In this case, Defendants have submitted affidavits in support of their motion. Wenglor has submitted part of a deposition in support of its Memorandum In Opposition. This Court will rely on these documents as a source of jurisdictional factual allegations.

Wenglor Sensoric, GmbH (hereinafter "GmbH"), a German limited liability company, was formed by Mr. Bauer and another in 1983. (Motion to Dismiss, Exhibit D at ¶ 2 (hereinafter "Doc # 11-3"); Compl. at ¶ 33.) Wenglor was formed on September 23, 1997, as an Ohio limited liability company based in Beavercreek, Ohio. ( *Id*. at ¶ 7, 32.) Shortly after forming, Wenglor named Mr. Dieter Baur as Vice President. (Doc #11-3 at ¶ 4.) Wenglor then entered into a supply contract with GmbH. (Compl. at ¶ 33.) Due to this contract, Wenglor became the

sole distributor of GmbH's products in the United States. (*Id*.) An internal dispute occurred in Germany on February 1, 2008, regarding a proposal which involved voting rights, management of Wenglor, and additional capital to Wenglor. (*Id*. at ¶ 35, 36, 39.) The proposal failed to be approved by Wenglor. (*Id*. at ¶ 38.)

Plaintiff alleges that, at this time, Mrs. Barbara Baur created Wenglor Sensoric, LLC (hereinafter "Sensoric") as an Ohio limited liability company. (*Id*. at ¶ 8, 41.) The supply contract between Wenglor and GmbH was terminated by Mr. Dieter Baur, who at the time was a managing director of GmbH and the vice-president of Wenglor, effective March 31, 2008. (*Id*. at ¶ 3, 34, 36, 40.) Mr. Dieter Baur, along with his children, resigned from GmbH. (*Id*. at ¶ 40.) On April 9, 2008, Mr. Dieter Baur's children resigned and terminated the supply contract with Wenglor and GmbH then entered into a supply contract with Sensoric. (*Id*. at ¶ 40.) Mr. Dieter Baur has sworn that the decision to terminate the supply contract occurred on March 3, 2008 – over a full month prior to when Mr. Dieter Baur's children resigned. (Doc. #11-3 at ¶ 8.)

Wenglor alleges that it was then that the Defendants traveled to Ohio and "caused all of Wenglor's assets, rights, obligations, employee contracts, and its real estate lease to be transferred to Sensoric for an amount substantially under Wenglor's fair market value." (Compl. at ¶ 44.) These meetings occurred during late March, or early April 2008. (*Id*.) Sensoric, it is further alleged by Plaintiffs, "[had] taken over all of Wenglor's business, utilizing Wenglor's equipment, leased property, employees, goodwill, and customer knowledge." (*Id*. at ¶ 47.) Mr. Tobias Schmitt testified that, while he saw transfer documents, he had no knowledge of what they contained. (Memorandum In Opposition to Motion to Dismiss, Exhibit A at pg. 84-85, ¶

21-1 (hereinafter "Doc. # 14-1").) Also, Defendants allegedly hired Mr. Tobias Schmitt, who had previously been Wenglor's vice president of sales, as President of Sensoric along with all of the employees at Wenglor. (Compl. at ¶ 11, 12, 15, 16, 52, 53, 54.) Mr. Tobias Schmitt, however, testified that he had not been offered a job. (Doc. #14-1 at pg. 88, ¶ 5-7.) Currently, Plaintiff alleges that Sensoric is still using Wenglor's business name and their promotional materials, business address, and telephone and facsimile numbers. (*Id*. at ¶ 56.)

Mr. Dieter Baur states that the meetings that allegedly took place in Ohio during late March, or early April 2008 took place in Germany. (Doc #11-3 at ¶ 7.) Mr. Dieter Baur further has sworn that the transfer of assets was made in order to "repay [Wenglor's] indebtedness to GmbH," and was done so while he had "full authority" to do so. (*Id.* at ¶ 10.) Mrs. Barbara Baur has sworn that Mr. Ted Severn is currently the President of Sensoric, not Mr. Schmitt. (Motion to Dismiss, Exhibit E at ¶ 11 (hereinafter "Doc # 11-4").)

Wenglor filed a similar action in the Court of Common Pleas for Greene County, Ohio on December 19, 2008 in which Wenglor alleged the first eight of the nine claims above as well as another claiming Civil RICO. (Motion to Dismiss Exhibit C at pgs. 5-9 (hereinafter "Doc #11-2").) On August 18, 2010, Judge Wolaver granted Defendants' Motion to Dismiss for lack of personal jurisdiction finding that "it is clear that the alleged conduct giving rise to Plaintiffs' claims occurred in Germany." (Motion to Dismiss Exhibit I at pg. 1, 9 (hereinafter "Doc #11-8").) Defendants were dismissed as individuals. (*Id*. at 10.) The previous litigation consumed "six months of discovery aimed at jurisdictional issues" which produced "over 56 banker's

-4-

boxers of documents, a forensic computer image, and a computer backup tape." (Motion to Dismiss, Affidavit of Lora M. Reece at ¶ 4 (hereinafter "Doc #11-1").)

## II.     MOTION TO DISMISS

Dieter and Barbara Baur seek to have the Amended Complaint against them dismissed pursuant to Fed. R. Civ. P. 12(b)(2) due to lack of personal jurisdiction. The relevant legal provisions regarding personal jurisdiction will first be set forth followed by an analysis regarding the relevancy of *res judicata* to the Motion.

### A. Relevant Legal Provisions for Personal Jurisdiction

When a motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) is made, the plaintiff, Wenglor in this case, has the burden of proving that jurisdiction exists. *Burnshire*, 198 Fed. App'x at 429 (citing *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1261 (6th Cir. 1996)). As a part of the burden of proof, the plaintiff's burden of persuasion depends upon whether the court conducts an evidentiary hearing on the motion to dismiss.

When an evidentiary hearing is held, the plaintiff must establish jurisdiction by a preponderance of the evidence. *Youn v. Track, Inc.*, 324 F.3d 409, 417 (6th Cir. 2003). When there is no evidentiary hearing, as is the case here, the plaintiff must make only a prima facie showing and the pleading and affidavits, when in conflict, are viewed in light most favorable to the plaintiff. *Burnshire*, 198 Fed. App'x at 429.

The Sixth Circuit applies a two-part test to determine if personal jurisdiction exists. *Logan Farms v. HBH, Inc. DE*, 282 F. Supp. 776, 795 (S.D. Ohio 2003). First, the federal court must determine if the law of the forum state, Ohio in this case, provides for personal jurisdiction.

*Nationwide Mutual Insurance Co. v. Tryg International Insurance Co, Ltd.*, 91 F.3d 790, 793 (6th Cir. 1996).  If so, the federal court must then determine if the personal jurisdiction comports with due process.  *Id*.

The Sixth Circuit has explained that there are two kinds of personal jurisdiction that can be exercised, general and specific.  *Brunner v. Hampson*, 441 F.3d 457, 463 (6th Cir. 2006). General jurisdiction exists when the defendant's contacts with the forum state are "substantial" and "continuous and systematic," such that the state may exercise personal jurisdiction even if the action does not relate to the defendant's contacts with the state.  *Youn*, 324 F.3d at 418. Specific jurisdiction exists when the contacts giving rise to jurisdiction relate to the claim that is before the court.  *Id*.

Ohio does not recognize general jurisdiction over non-residents.  *Signom v. Schenck Fuels Inc.*, No. C-3-07-037, 2007 WL 1726492 at *3 (S.D. Ohio June 13, 2007).  In Ohio, jurisdictional analysis of non-residents, such as the Defendants here, is based only upon specific jurisdiction that may be available under Ohio law.  *Id*.

Specific jurisdiction under Ohio law is provided by Ohio's long-arm statute, Ohio Rev. Code § 2307.382.  Ohio's long-arm statute enumerates nine (9) categories of conduct that subject an entity to personal jurisdiction in Ohio if a cause of action arises out of such conduct.  *Shaker Construction Group, LLC v. Shilling,* No. 1:08cv278, 2008 WL 4346777 at *2 (S.D. Ohio Sept. 18, 2008).

Wenglor claims personal jurisdiction over Defendants on several of the nine (9) sections of Ohio's long-arm statute. Defendants have, however, previously been dismissed from similar litigation in an Ohio court on the basis of the lack of personal jurisdiction. Defendants, therefore, claim this Court is unable to proceed with the current litigation due to *res judicata* as it pertains to personal jurisdiction.

### B. Analysis of Personal Jurisdiction and *Res Judicata*

The Defendant requests this Court to dismiss Wenglor's Amended Complaint on the basis of the doctrine of collateral estoppel, also known as issue preclusion. Collateral estoppel is a branch of the preclusionary doctrine known as *res judicata*. *Sanders Confectionary Products, Inc. v. Heller Financial, Inc.,* 973 F.2d 474 (6th Cir. 1992), *cert. denied*, 506 U.S. 1079 (1993). The purpose of *res judicata*, in general, is to promote the finality of judgments. *Sanders*, 973 F.2d at 480. Promoting the finality of judgments would "[increase] certainty, discourage multiple litigation, and conserve judicial resources." *Id*. Collateral estoppel is appropriately invoked where a particular issue has previously been fully litigated. *Jones v. Marcum*, 197 F. Supp.2d 991 (S.D. Ohio 2002).

When deciding whether to provide preclusive effect to a state court judgment, the court looks to the law of the rendering state to determine to what extent that prior judgment should receive preclusive effect in federal action. *Hapgood v. City of Warren*, 127 F.3d 490, 493 (6th Cir. 1997), *cert. denied*, 523 U.S. 1046 (1998). In this case, the "rendering state" at issue is Ohio, so this Court looks to Ohio law to determine if the decision of an Ohio court should

receive preclusive effect. Also, issue preclusion is the branch of the doctrine of collateral estoppel that is at issue here.

"Under Ohio law, issue preclusion is applicable if: 1) the fact or issue was actually litigated in the prior action; 2) the court actually determined the fact or issue in question; 3) the party against whom issue preclusion is asserted was a party, or in privity with a party, to the prior action." *Osborn v. Knights of Columbus*, 401 F. Supp.2d 830, 832-33 (N.D. Ohio 2005)(citing *Rizvi v. St. Elizabeth Hosp. Med. Cent.*, 765 N.E.2d 395 (Ohio Ct. App. 2001)). "Finally, a final judgment on the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Id.* at 833(citing *Am. Home Prod. Corp. v. Tracy*, 787 N.E.2d 658 (Ohio Ct. App. 2003)).

The Parties do not dispute that personal jurisdiction was actually litigated in the prior action, that the court actually determined whether personal jurisdiction existed and that Wenglor was a party to the prior action. The Parties do, however, argue whether the determination that personal jurisdiction did not exist was a final, appealable order.

Thus, this Court must determine whether a state trial court's dismissal based upon lack of personal jurisdiction is a final, appealable order which is preclusive to an action in this Court. This Court finds in the affirmative: that a state court's dismissal based upon lack of personal jurisdiction, prevents re-filing upon the same issue in federal court. *Nat'l City Commercial Capital Corp. v. AAAA at Your Serv., Inc.* 868 N.E.663, 665 (Ohio 2007).

At issue in *National City*, similar to the case at issue here, was "whether a dismissal *other than on the merits* which prevents re-filing in the trial court is a final, appealable order." *Id.* (emphasis added). The procedural history in *National City* is similar to the present case as the trial court dismissed the claim based upon the lack of personal jurisdiction. *Id.* at 666. The Supreme Court of Ohio took the case because the Ohio Court of Appeals had affirmed the trial court's decision in conflict with *Preferred Capital, Inc. v. Strellec*, 830 N.E.2d 403 (Ohio App. 2005).[1]

The Supreme Court of Ohio noted that for an order to become final, it must "affect a substantial right in an action that in effect determines the action and prevents a judgment." *Nat'l City*, 868 N.E. at 666. As defined by the Supreme Court of Ohio and by Ohio Statute, a substantial right, is "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitled a person to enforce or protect." *Id.*; Ohio Revised Code 2505.02(A)(1). The Supreme Court of Ohio determined that a substantial right was affected because National City could no longer seek to enforce its contract. *Nat'l City*, 868 N.E. at 666. "To be final," the Supreme Court of Ohio continued, "an order must also determine an action and prevent judgment," or in other words, "leave nothing for the determination of the court." *Id.* (internal citations omitted). The Supreme Court of Ohio determined that since the claim had been disposed of and left nothing for the determination of the trial court, a final

---

[1] *Preferred Capital* is a case, along with another, which Wenglor argues is controlling and allows its case to proceed in Federal Court. *See* Plaintiff's Memorandum in Opposition to Motion to Dismiss at 5.

judgment had been rendered notwithstanding Ohio Rule of Civ. R. 41(B)(4)(a) which states that a dismissal "otherwise than on the merits" does not prevent a party from refiling. *Id.*

In holding so, the Supreme Court of Ohio harkened a previously decided case, *Lantsberry v. Tilley Lamp Co.*, 272 N.E.2d 127 (Ohio 1971), in which it held:

> A judgment of a trial court sustaining motions to quash service of summons and dismissing defendants as parties to the action is a final appealable order. We concluded that even though the motion to quash service was not a decision *on the merits*, it nevertheless was determinative of the action because, in sustaining the motion to quash, the trial judge also dismissed the defendants and thereby disposed of the cases.

*Id.* at 128 (emphasis added, internal quotations and citations omitted). Because the court making the order in *Lantsberry* no longer retained jurisdiction for further proceedings – which then became jurisdiction of a court of appeals – the dismissal acted, and was considered, on the merits. *Id.* This decision, therefore, overruled *Preferred Capital* and proffered a rule which states that if a decision by a trial court extinguishes jurisdiction, then that judgment acts as a final appealable order regardless if it is on the merits or not.

Plaintiff argues an alternative understanding of this decision stating that the decision was not substantive, but rather only procedural since it was based upon the lack of personal jurisdiction. *See* Plaintiff's Memorandum in Opposition to Motion to Dismiss at 4.[2] In essence, Plaintiff surreptitiously argues that the *Erie Doctrine* controls this issue before the Court and

---

[2] Specifically, Wenglor's argument states: "That important distinction is not present here. Specifically, the Greene County Court in this matter did not render a substantive decision on the parties' relationship (such as a contractual relationship); it limited its decision to the issue of personal jurisdiction, which does not concern a substantial right."

-10-

since the trial court's decision was not based upon substantive law – but rather procedural – it has the right to refile the same claims in a federal court which it has done here with the exception of the addition of a claim of Unfair Competition and the deletion of a civil RICO claim. Wenglor, additionally, argues that *CTI Audio, Inc. v. Fritkin-Jones Design Group*, 760 N.E.2d 842 (Ohio App. 2001) controls the controversy in question as it would allow them to simply cure the defect of personal jurisdiction found by a state court and refile the same, or similar, claim in federal court.

An acceptance of Wenglor's arguments would lead to unfettered results as it would allow plaintiffs to refile in federal court essentially the same claims, slightly altered and with more evidence in their favor based upon judgments rendered not on the merits in a state court. This could lead to harassment and, ultimately, would defeat the purpose of *res judicata*. *Sanders*, supra. As the Supreme Court of Ohio reasoned in *National City*, if parties "believe an Ohio court has wrongly asserted jurisdiction over them[, they] have a right to appeal." *Nat'l City*, 868 N.E.2d at 667. The Supreme Court of Ohio illustrated this point by stating:

> Suppose a person who had never been in a state other than Ohio or a country other than the United States sued another person who had never been in a state other than Ohio or a country other than the United States, and suppose further that the trial judge dismissed the case for lack of personal jurisdiction. According to the rule of law proposed by the appellants, the losing party would have no right to appeal – not in Ohio, not in another state, not in another country. Such a rule cannot stand. Parties that believe an Ohio court has wrongly asserted jurisdiction over them have a right to appeal. … It is not logical to allow a party that believes a court wrongly asserted jurisdiction to appeal but to prevent a party that believes a court wrongly did not assert jurisdiction from appealing.

*Id*. at 666-67 (internal citations omitted). Wenglor's second argument centered on *CTI's* holding, furthermore, has a recognized exception along similar reasoning recently discussed by an Ohio Court of Appeals.

In *Lewis v. Cleveland*, No. 95110, 2011 WL 315902 at *2 (Ohio Ct. App. Jan. 27, 2011), Ohio's Eighth District Court of Appeals discussed a holding in *Diagnostic & Behavioral Health Clinic, Inc. v. Jefferson Cty. Mental Health, Alcohol & Drug Addition Bd.*, No. 01 JE 5, 2002 WL 924458 at *4 (Ohio Ct. App. Mar. 27, 2002). Referencing the United States Supreme Court decision in *Insurance Corp. of Ireland v. Compagnie des Bauxites De Guinee*, 456 U.S. 694 (1982), the *Lewis* court reasoned:

> If *res judicata* could never bar a plaintiff from refiling based upon the lack of subject matter jurisdiction, a party could forum shop until they found a court to accept their case. If a party cannot cure the defect that prevents the exercise of jurisdiction over the claim, and disagrees with the trial court's decision, the proper avenue would be the appellate process.

2011 WL 315902 at *3. The facts presented to this Court, moreover, run eerily similar to *Lewis* where the plaintiffs failed to appeal the dismissal based on lack of subject matter jurisdiction and, without curing, filed a second cause of action based on the same dispute, against the same party, in a similar court.

Therefore, this Court finds similarly to the *Lewis* court and in favor of the rule proffered by the Supreme Court of Ohio in *National City*, that collateral estoppel bars Plaintiff's action here.

### III.  CONCLUSION

Wenglor's Complaint is hereby dismissed based upon the doctrine of *res judicata* as it pertains to personal jurisdiction. As such, this Court need not and does not consider whether Wenglor has met its burden of making a prima facie case that Defendants are subject to personal jurisdiction under Ohio's long-arm statute nor whether asserting personal jurisdiction over Defendants in an Ohio court would comport with the Due Process clause of the U.S. Constitution. Further, because Defendants are barred from action against them due to the lack of personal jurisdiction, this Court need not discuss whether Plaintiff's Unfair Competition claim survives.

Defendants' Motion to Dismiss (Doc. #11) is GRANTED. Wenglor's Complaint against Defendants is DISMISSED.[3]

**DONE** and **ORDERED** in Dayton, Ohio this Twenty-Second Day of March, 2012.

                                                                            *s/ Thomas M. Rose*
                                                                            THOMAS M. ROSE
                                                              UNITED STATES DISTRICT JUDGE

Copies furnished to:

    Counsel of Record

---

[3]The Court acknowledges the valuable contribution and assistance of judicial extern David J. Ziemba in drafting this opinion.